IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHRODDRIC DURELL MITCHELL                                              PLAINTIFF

      v.                            Civil No. 4:09-cv-04071

CHARLES NEFF, Administrator,
Miller County Detention Center;
MAJOR GARY TURNER, Miller
County Detention Center; and
FORMER SGT. CAROLYN BALLARD                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Shroddric D. Mithcell, filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On September 16, 2009, an order was entered (Doc. 8) directing service on Defendants Charles Neff and Gary Turner. When they responded to the complaint, Defendants were directed to provide the Court with the current address and phone number of Former Sgt. Carolyn Ballard.

Separate Defendant Turner filed his response to the Court order (Doc. 10) on October 8, 2009, and provided the Court with Ballard's last known address: 1207 East 33rd Street, Texarkana, AR 71854. Ballard's phone number was unknown.

On October 27, 2009, an order was entered directing service on Ballard (Doc. 15). On February 26, 2010, the United States Marshal Service (USMS) filed a return of service with respect to Ballard (Doc. 20). The return indicates the USMS attempted to serve Ballard on seven occasions over the course of several months. The return indicates all investigative efforts to locate Ballard

have failed.

As Ballard has not been served and cannot be located, I recommend that the claims against her be dismissed. **The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of March 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE